## COURT OF APPEALS, JUNE TERM, 1797.

### SWEARINGHAM vs. STULL's Executors.

THIS was an appeal from the decree of the court of chancery. The bill filed by the present appellant on the 27th of October, 1791, states, that a certain *Isaac Stull,* the maternal uncle of the complainant, being seised in fee of one half part of a tract of land, lying in Frederick county, called *"Resurvey on Whiskey,"* did on the 1st of June, 1796, contract in writing with his brother *John Stull,* for the sale thereof; that the said *John* executed to the said *Isaac* certain bonds for the purchase money; that the said *Isaac* soon after died, without executing a deed. That the said *Isaac* by his last will, dated 18th November, 1769, amongst other things, devised as follows: "I give and bequeath to my beloved nephew, *Abi-*"*jah Swearingham,* 150l. current money, to be paid by "my brother *John Stull* to my brother-in-law *Charles* "*Swearingham,* for the use of his son aforesaid, at or "before the last day of *May next,* he the said *Charles* giv-"ing security for the payment of principal and interest "to his said son *Abijah* at the age of 21 years;" which said sum of 150l. or any part of the principal or interest, hath never been paid to the complainant's father, nor to the complainant. And in the said will is contained this further clause: "I give and bequeath to my beloved broth-"er *Jacob Stull,* in case he should return within ten years "from the date hereof, the sum of 200l. current money, "as it becomes due from my brother *John,* after the last "of May next, the sums before mentioned in this my "will being the first payment due me from my said broth-

"er *John;* and in case my said brother *Jacob* should not "return by the time aforesaid, I give and bequeath the "200*l.* aforesaid to my nephews, *Abijah Swearingham* and "*John Stull,* to be put to interest for their use until they "come to the age of 21 years, with good security for "the payment when they come to the age aforesaid."— That the said *Jacob* did not return within ten years, nor at any time thereafter, and that *John Stull,* the joint legatee, died a minor, unmarried, and before the age of 21 years.

That the complainant came to the age of 21 years about 12 months since, and that no part of the said legacy of 200*l.* hath been ever paid in the life time of the said *John Stull,* the legatee, nor since his decease, to the complainant, the surviving legatee. That the executors in the will of the said *Isaac* never caused the same to be proved, nor accepted the trust therein. That the said father of the complainant, who was the trustee of the first legacy, being an easy man, &c. altogether neglected to demand or receive the same, but left the complainant, when he came to age, to prosecute his just right thereto; and the complainant accordingly hath caused the said will to be proved by the subscribing witnesses, and hath demanded payment of his legacies. That on the death of the said *Isaac,* the devisor, *John Stull,* his brother and heir at law, took possession of all the deceased's real and personal estate, and the bonds and papers thereto belonging, and particularly the original contract, and the bonds, &c. for the payment of the purchase money.

That the said *John* hath died seised of the said lands, without having paid any part of the said legacy, and hath left assets, &c. Having before his death by his will appointed the defendants his executors, &c. *Prayer,* that they account, &c. and for general relief, &c.

HANSON, Chancellor, (February Term, 1794.)

"It appears to the chancellor that there has been no decision in chancery applicable to the present case in all its points. It is however clear, that under all circumstances, the complainant is entitled to relief. It is clear that a contract was made between *Isaac Stull* and *John Stull;* that the latter was indebted to the former at the time of his death for the purchase money of the land contracted for; that part of the debt has been bequeathed to the complainant, and that if the complainant cannot obtain relief from this court he is wholly without remedy. What makes the case extraordinary is, that the present suit is for a legacy or legacies; and the defendants are neither the executors or administrators of the testator, nor person claiming property charged with

JUNE, 1797.

Swearingham
vs.
Stull's execu-
tors.

the payment of money. But as this court, when the ends of justice required it, hath always raised a constructive trust, and compelled the trustee to perform it, so the chancellor, in the present case, conceives that he ought to construe *John Stull* as a trustee, in whose hands money was deposited for the benefit of the complainant, or rather that *John Stull*, having in his hands money of the testator, the will is to be considered as a declaration of the trust for which he was to hold or dispose of the same. *John Stull* then, being considered as trustee, the next question respects the amount of the money held for the complainant; and the chancellor conceives, that from the wording of the will, the period or periods when the legacy to the complainant, and *John Stull*, the nephew of the testator, was made payable, and the nature of the legacy itself, viz. a gross sum of money, admitting an easy division, and not an entire thing, *one and indivisible*, it was the intent that the 200*l.* should be divided into two equal parts, and that each legatee should receive his share on arrival at full age; the complainant therefore is entitled to the principal sum of 100*l.* and to another principal sum of 150*l.*

And here occurs the question, from what period or periods interest on these sums shall be calculated? And here the rule established by uniform decision is to govern. In no instance has the court of chancery in England, or this court since the revolution, given interest before filing of the bill, in the case of a suit brought against a real trustee appointed by deed or will, or a person holding on trust implied by equity, unless the trustee hath actually received interest; and even then it is not given under the *name* of interest; circumstances, as hath been said by an English chancellor, shall excuse a trustee from paying interest until the principal sum is ascertained by the court. But under the circumstances of this case the chancellor thinks the general rule of charging interest from the filing of the bill ought to prevail.

It is therefore, this 26th day of February, 1794, adjudged, &c. that the defendants shall account with the complainant for the sum of 100*l.* current money, and the further sum of 150*l.* current money, which said sums have been in the hands of the said *John Stull,* in trust for the complainant; that they account with him likewise for the interest on the said sums from the 27th of October, 1791; that they also account with him for the personal estate of the said *John Stull,* or assets in their hands as executors aforesaid; and that the auditor of this court audit and state the account between the parties of the sums of money, interest thereon, and as-

sets aforesaid, and return the same to this court, subject to the exceptions of either party, &c. &c.

The auditor reported the sum of 288l. 15s. 0d. including interest to the 27th May 1794; also assets in hand amounting to 876l. 14s. 0½d. current money.

FINAL DECREE, October 1794, for 288l. 15s. 0d. current money, with interest from the 27th of May 1794, till paid.

The complainant appealed to the court of appeals.

*Key* and *Mason*, for appellant.

*Smith*, for appellees.

THE COURT OF APPEALS, [RUMSEY Ch. J. MACKALL and JONES, Judges,] *affirmed* the decree of the court of chancery; *(a)* and it was ordered, &c. that the auditor of the court of chancery should restate the said account, and allow the appellant interest on the sum of 250l. the legacies due, from the 1st of May 1771, unto the 27th of October 1791, and that the chancellor, on such statement of the auditor, decree the said further sum of interest to be paid by the appellees to the appellant. with interest from the 27th of May 1794, until paid, and the costs of the appeal, &c.

# COURT OF APPEALS, JUNE TERM, 1797.

---

*(a)* This decree is said to be in conformity with the precedent in the case in this court of *Griffith and Pennington* in 1795: But *Key*, the attorney for the appellant in this case, suggested, that it did not seem to be correct; for it appeared impracticable to *affirm the decree of the chancellor*, and then give interest, or direct it to be stated from one year after the date of the will; because the chancellor had *assumed a sum different* from the amount of the legacies. The legacies make 250l. whereas the chancellor had stated the principal to be 288l. 15s. 0d. which is composed of the whole principal and *some* interest. This occasions embarrassment in *affirming* the decree. The simple business appeared to him to be, to *reverse the decree*, and direct the chancellor to have the account restated, decree the principal of 250l. being the amount of the legacies, and interest from 18th of November 1770, till paid, and costs, &c. The decree of affirmance was changed to what it now appears.